20-mj-7193-JCB

## AFFIDAVIT OF SPECIAL AGENT LISA RUDNICKI

I, Special Agent Lisa Rudnicki, depose and state as follows:

### INTRODUCTION

1.      I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since February, 1996.   I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. §2510(7).   I am currently assigned to the Boston Group II Field Office.   As an ATF Special Agent, I have been involved in investigations relating to a wide variety of suspected criminal activity, including firearms-related offenses, the illegal distribution of narcotics and violent crimes.

2.      I have received training in enforcement and investigation of firearm and narcotics cases.   I have conducted and participated in investigations involving the violation of both the federal firearm and drug laws, including 18 U.S.C. § 922(g)(1) -- being a felon in possession of a firearm or ammunition, and 21 U.S.C. §§ 841 and 846 -- illegal distribution and possession with intent to distribute controlled substances and conspiracy to distribute and possession with intent to distribute controlled substances.

3.      This affidavit is being submitted in support of a criminal complaint for defendant TYRONE GOFORTH, born 1981, for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1).

4.      The facts in this affidavit come from my review of records and/or reports, my training and experience, and information obtained from other agents, officers and witnesses.   This

1

affidavit is only intended to establish that there is probable cause for the requested complaint and does not set forth all of the facts in regard to this ongoing investigation.

## PROBABLE CAUSE

### I.   BACKGROUND REGARDING GOFORTH

5.    Based upon a review of public records, I am aware that GOFORTH has knowledge that he has been convicted in Suffolk Superior Court of a criminal charge for which the possible sentence would (and did) exceed one year.  Namely, in or about 2000, GOFORTH received a sentence of five years to five years and one day imprisonment, for the unlawful possession of a firearm.  I know from my training and experience that this offense is a felony and meets the definition of "crime punishable by imprisonment for a term exceeding one year" as set forth at 18 U.S.C. § 921(a)(20).   Therefore, GOFORTH knew at the time of his possession of the firearm and ammunition charged here that he had been previously convicted of a crime punishable by a term exceeding one year.

6.    A check with the MA Board of Probation indicates that along with the above-referenced conviction, GOFORTH has an extensive criminal history including additional convictions for assault and battery on a police officer (2012), resisting arrest (2012), distribution of a class B substance (2009), knowingly receiving stolen property (2000), illegal possession of ammunition (2000), armed robbery (1998), and illegal possession of a firearm (1998).

### II.   JULY 31, 2020: FIREARM, AMMUNITION AND CRACK COCAINE SEIZED

7.    On or about July 31, 2020, at approximately 12:31pm, numerous officers of the Boston Police Department ("BPD") responded to a radio call for a person with a gun at a bookstore,

located at 57 Warren Street, in Roxbury, MA.  Officers were given a description of a black male, wearing a black shirt, olive pants and red boxers.

8.      Upon arrival at the area of 57 Warren Street, officers entered the bookstore and observed GOFORTH inside, wearing a black shirt and olive pants. GOFORTH made eye contact with the officers and then walked further into the store.  At this time, given the nature of the 911 call for a "person with a gun," officers took control of GOFORTH's arms. GOFORTH was shaking and sweating, and attempted to pull away from officers.

9.      Based on the totality of the circumstances, officers conducted a pat frisk of GOFORTH for weapons and felt, as well as observed, a bulge in the lower abdomen and upper pelvic area, consistent with a package of illegal narcotics. Following this observation, an officer was able to remove a large bag containing a white rocky substance.  The substance was later weighed by officers, at approximately 56.94 grams.  Officers believed, based on their training and experience, that this white rocky substance was crack cocaine.

10.      At this point, officers placed GOFORTH in handcuffs and initiated a search incident to his arrest.  During that search, an officer removed a firearm from GOFORTH's back pants pocket. That firearm was later identified as a black Sig Sauer P938 9mm semi-automatic pistol, bearing serial number 52A002268 (the "Sig Sauer P938 pistol").   After the Sig Sauer P938 pistol was recovered, officers discovered that it was loaded with five rounds of 9mm ammunition. During the course of the search, officers also located $497 in US Currency on GOFORTH's person.

## III.    INTERSTATE NEXUS OF FIREARMS AND AMMUNITON

11.    Based on my training and experience in firearms, consultation with ATF agents, and acquisition of records, the firearm identified above was manufactured outside of the Commonwealth of Massachusetts, and, thus, had to travel in interstate commerce to be possessed by GOFORTH in the Commonwealth of Massachusetts. Further, based upon my observations and a review by ATF, I believe that the Sig Sauer P938 pistol meets the federal definition of firearm.

12.    I am also aware that no commercial ammunition is manufactured in the state of Massachusetts. Therefore, I believe that the five rounds of 9mm ammunition recovered on July 31, 2020, which also meet the federal definition of ammunition, necessarily crossed state lines prior to being recovered in Roxbury, MA.

### CONCLUSION

13.    Based on the above statement, I believe probable cause exists that on or about July 31 2020, in Roxbury, in the District of Massachusetts, TYRONE GOFORTH, knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is: a black Sig Sauer P938 9mm semi-automatic pistol, bearing serial number 52A002268, and five rounds of 9mm ammunition.

14.    I respectfully request that the Court issue a criminal complaint charging TYRONE GOFORTH with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

4

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on September 2 , 2020.

/s/

Lisa Rudnicki
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives


Electronically subscribed and telephonically sworn to before me on September __2__ , 2020.

HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE